UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL E.,<br><br>          Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>          Defendant. | Case No.: 19-CV-00862-BGS<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 17];**<br>**(2) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT [ECF No. 18]; AND**<br>**(3) REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**<br><br>[ECF 17-18] |

**I.     INTRODUCTION**

Plaintiff Gabriel E. ("Plaintiff") has filed a Complaint seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner" or "Defendant") denial of disability insurance benefits under Titles II and XVI of the Social Security Act, (ECF 1), and the Commissioner has filed the Administrative Record. (ECF 16.) Plaintiff has filed a Motion for Summary Judgment seeking reversal of the final decision denying benefits and payment of benefits, or, in the alternative, a remand for

1

further administrative proceedings.  (Pl.'s Mot. for Summary Judgment [EFC No. 17] ("Mot.").)  Plaintiff argues the Administrative Law Judge ("ALJ") committed reversible error in rejecting his subjective symptom testimony regarding the severity of his symptoms.  (*Id.*)  The Commissioner's Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion argues that the ALJ properly evaluated and rejected Plaintiff's subjective symptom testimony.  (Cross Mot. for Summ. J. ("Cross Mot.") [ECF No. 18].)

After careful consideration of the parties' arguments, the administrative record and the applicable law and for the reasons discussed below, Plaintiff's Motion for Summary Judgment is granted, the Commissioner's Cross Motion for Summary Judgment is denied, and the matter is remanded to the agency for further proceedings.

## II. PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits and supplemental social security income on August 19, 2015, alleging disability beginning on June 22, 2015.  (AR 314-315.)  His application was denied, and his subsequent request for reconsideration was also denied.  (AR 250-54 (initial denial), 257-59 (requests for reconsideration), 260-65 (denial of reconsideration).)  At Plaintiff's request, a hearing before an ALJ was held on March 22, 2018 at which Plaintiff was represented by counsel and testified, along with a vocational expert and a medical expert.  (AR 165-205, 266-68.)  On May 17, 2018, the ALJ issued a decision finding Plaintiff was not disabled and denied Plaintiff's applications for benefits.  (AR 16-26.)  The Appeals Council denied review on March 8, 2019.  (AR 1-7.)

## III. SUMMARY AND ANALYSIS OF THE ALJ DECISION

The ALJ's decision goes through each potentially dispositive step of the familiar five-step evaluation process for determining whether an individual has established

eligibility for disability benefits.[1] (AR 20-26.); *see Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724-25 (9th Cir. 2011); *see* 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 22, 2015. (AR 21.) At step two, the ALJ found Plaintiff had "the following severe impairment: congestive heart failure." (*Id.*) At step three, the ALJ considers whether the claimant's impairments "meet or equal" one or more of the specific impairments or combination of impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1, the listings. *See* §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(d), 404.1525, 404.1526, 416.925, 416.926. Here, the ALJ found Plaintiff did not meet listing 4.02. (AR 22.)

If the claimant does not meet a listing, the ALJ "assess[es] and makes a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(e), 416.920(e). A claimant's residual functional capacity ("RFC") is the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(c). The RFC is used at the fourth and fifth steps to determine whether the claimant can do their past work (step

---

[1] In order to qualify for disability benefits, an applicant must show that: (1) he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death, or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (2) the impairment renders the applicant incapable of performing the work that he or she previously performed or any other substantially gainful employment that exists in the national economy. *See* 42 U.S.C. §§ 423(d)(1)(A), (2)(A). An applicant must meet both requirements to be "disabled." *Id.* The claimant bears the burden of proving he is disabled. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). But, at step five, the Commissioner bears the burden of showing the claimant can do other kinds of work that exist in significant numbers in the national economy "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*

four) or adjust to other available work (step five). *Id.*

Here, the ALJ found the following RFC for Plaintiff:

> After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light unskilled work as defined in 20 CFR 404.1567(b) and 416.967(b)[2] except the claimant should avoid climbing ladders, scaffolds and hazards such as unprotected heights and moving machinery. The claimant is limited standing/walking for four hours out of eight hours and sitting for six hours out of eight.

(AR 22.)

At step four, the ALJ found Plaintiff could not do his past relevant work as a farm laborer or machine operator. (AR 24.) At step five, the ALJ considers whether the claimant can do other work, considering the claimant's age, education, work experience, and the limitations in the RFC. 20 C.F.R. §§ 404.1520(a)(v). If the claimant can do other available work, then the claimant is found not disabled. If not, then the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(g); *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). Here, the ALJ heard and relied on testimony from a vocational expert that work existed in significant numbers in the national economy for a person of Plaintiff's age, education, work experience with the RFC found by the ALJ. (AR 25-26, 201-04.)

///

---

[2] Light Work is defined as:
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 CFR § 404.1567(b); 416.967(b).

Plaintiff challenges the ALJ's rejection of Plaintiff's symptom testimony, arguing the ALJ impermissibly rejected his symptom testimony without providing specific, clear, and convincing reasons for the rejections and failing to explain how his daily activities were inconsistent with his testimony. (ECF 17-1 at 5-13.) Defendant counters that the ALJ properly relied on medical evidence, Plaintiff's improvement, a gap in treatment, and Plaintiff's activities of daily living. (ECF 18-1 at 4-10.)

## IV. SCOPE OF REVIEW

Section 405(g) of the Social Security Act allows unsuccessful claimants to seek judicial review of a final agency decision. 42 U.S.C. § 405(g). This Court has jurisdiction to enter a judgment affirming, modifying, or reversing the Commissioner's decision. *See id.*; 20 C.F.R. § 404.900(a)(5). The matter may also be remanded to the Social Security Administration for further proceedings. 42 U.S.C. § 405(g).

If the Court determines that the ALJ's findings are not supported by substantial evidence or are based on legal error, the Court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation omitted). The Court may "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

## V. DISCUSSION

### A. Legal Standards

The ALJ must engage "in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison*, 759 F.3d at 1014 (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). At the first step, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citations omitted).

If the claimant satisfies the first step and there is no determination of malingering by the ALJ, "the ALJ must provide 'specific, clear, and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)); *Garrison*, 759 F.3d at 1014-15; *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (citations omitted). The Ninth Circuit "require[s] the ALJ to 'specifically identify the testimony from a claimant [the ALJ] finds not to be credible and . . . explain what evidence undermines this testimony." *Treichler*, 775 F.3d at 1102; *Lambert v. Saul*, — F.3d —, 2020 WL 6735633, at *2 (9th Cir. 2020) ("[T]he ALJ must identify the specific testimony that he discredited and explain the evidence undermining."); *Smolen*, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); *Parra*, 481 F.3d at 750 ("The ALJ must provide clear and convincing reasons to reject a claimant's subjective testimony, by specifically identifying what testimony is not credible and what evidence undermines the claimant's complaints.").

"Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence." *Reddick*, 157 F.3d at 722 (citing *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991)).

**B.     ALJ's Reasons for Rejecting Plaintiff's Symptom Testimony**

Here, the ALJ identifies some testimony from Plaintiff regarding his symptoms, (AR 22), although as explained below, there is significant symptom testimony that is not addressed at all. Additionally, while the Court can decipher some reasoning for rejecting the testimony that is identified, those reasons are not specific, clear, and convincing.

The ALJ's decision acknowledges that Plaintiff testified that after his heart attack he was "unable to work because he experienced chest pain, headaches, and was unable to walk for more than 15 minutes." (*Id.*) The ALJ notes he had been using a pacemaker for a year, had trouble concentrating, was unable to walk more than one hour and could lift up to 20

pounds. (*Id.*)  The decision also states that "claimant reported that he could only perform light household chores and walked hi[s] children to school at times." (*Id.*)

The ALJ then goes on to conclude "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 23.)  The ALJ then summarizes some of the medical evidence, including what the Court will construe as the ALJ's reasons for rejecting the testimony identified above. (*Id.*)  In summarizing the record concerning Plaintiff's hospitalizations, the ALJ notes Plaintiff's improvement while hospitalized for his heart failure in June 2015 and again while hospitalized in July 2015 when he was experiencing shortness of breath and difficulty breathing. (*Id.*)  The ALJ also identifies normal heart and lung sounds at a follow up visit a few weeks after hospitalization and the stabilization of Plaintiff's medications at an August 2015 follow-up visit. (*Id.*)  The ALJ decision also noted minimal treatment in 2017 and, as to daily activities stated "claimant testified that he was able to perform light household chores and taking care of his children including walking his children to school." (*Id.*)  The ALJ then concludes "[o]verall, the claimant's allegations of disabling limitations arising from his heart condition [are] inconsistent with the records as a whole." (*Id.*)

### C.     Analysis

The first step is not at issue here.  The ALJ found "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (AR 23.)  Accordingly, the Court finds the first step satisfied. *See Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996) ("[T]he claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.").

As to the second step, because the ALJ did not find Plaintiff was malingering, the issue is whether the ALJ provided "specific, clear, and convincing reasons" for rejecting Plaintiff's testimony, including identifying "the specific testimony" the ALJ found "not to be credible and "explaining what evidence undermine[d] Plaintiff's testimony. *Treichler*,

7

775 F.3d at 1102.

### 1. Shortness of Breath

Plaintiff testified that after his hospitalization in 2015 he "couldn't walk for more than 15 minutes without feeling out of breath, like in water." (AR 180.) As to his condition when he testified, he stated that he walks about an hour for exercise but cannot do it every day. (AR 183-84, 186.) He testified that he gets out of breath when he finishes the hour walk. (AR 187.) The maximum amount of time he could walk at a job is one hour. (*Id.*) He cannot walk for two hours every day. (*Id.*) Additionally, he testified that he can't lift more than 20 pounds and could only do four reps then he has to sit down and catch his breathe. (AR 186.)

As to Plaintiff's testimony that he suffers from shortness of breath, the ALJ focused primarily on his condition in 2015, when he reported that he was able to walk more without shortness of breath. (AR 23.) However, the ALJ never made a determined as to how long he could walk without shortness of breath. Further, Plaintiff's improvement in walking more is consistent with his testimony that he could only walk about 15 minutes after his hospitalization in 2015 before having shortness of breath. (AR 180.)

The ALJ focused on Dr. Conception's January 2016 consultative evaluation of Plaintiff wherein Dr. Conception opined Plaintiff could stand and/or walk for two hours in an eight-hour day. (AR 23.) Of note, Dr. Conception's evaluation did not address Plaintiff's shortness of breath caused by walking more than one hour. (AR 519-523.) Further, Dr. Conception's assessment included walking and/or standing. (AR 522.) Plaintiff testified that he can do a job that allows him to stand, but not sit for long periods because sitting makes him feel uncomfortable. I need to stand. (AR 187.)[3]

---

[3] The ALJ never addressed Plaintiff's ability to stand and walk for 2 hours as opposed to walking for 2 hours when determining whether there were jobs available that would accommodate these limitations.

8

The ALJ seems to attempt to reject Plaintiff's symptom testimony based on Plaintiff's daily activities but provides no reasoning and only provides a single sentence as to his daily activities. Just before concluding Plaintiff's allegations of his limitations are "inconsistent with the record as a whole," the decision states only that "the claimant testified that he was able to perform light household chores and taking care of his children including walking his children to school." (AR 23.) However, there is no explanation how these minimal activities undermine or are inconsistent with Plaintiff's symptom testimony. "Though inconsistent daily activities may provide justification for rejecting symptom testimony, 'the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from [the claimant's] credibility as to . . . overall disability.'" *Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004)). Notwithstanding, Plaintiff testified that he walks kids to school, which is about 3 blocks away. (AR 188.) The light chores he described was changing diapers. (*Id.*) These daily activities do not support the conclusion that Plaintiff can walk for two hours daily, just the opposite.

The ALJ justifies his finding that Plaintiff can perform light work because his condition generally improved after treatment and his ongoing treatment was minimal. However, the ALJ never explains how his generally improved condition after treatment related to his shortness of breath symptoms. In fact, Dr. Amosu testified at the hearing that Plaintiff has some improvement with medication in his heart function, but it is not normal. (AR 191-92.) The fact that the medication makes his heart function better does not mean that his shortness of breath is also better.

The decision concludes that overall, the Plaintiff's allegations of disabling limitations arising from his heart condition are inconsistent with the record as a whole. Yet the ALJ does not identify from the medical record how Plaintiff's testimony about suffering

9

from shortness of breath is undermined by the record as a whole. "Providing a summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *See Lambert*, 2020 WL 6735633, at \*10 (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)) (emphasis in original). The decision fails to explain why Plaintiff's testimony is not credible. *See Treichler*, 775 F.3d at 1103 (Decision must "identify what parts of the claimant's testimony were not credible and why") (emphasis added); *see also Lambert*, 2020 WL 6735633, at \*10 (Finding four high-level reasons the claimant's testimony was less than consistent with the evidence insufficient).

### 2. Fatigue

Plaintiff testified that he does not have energy, and that for two to three days out of each week he has episodes when he sleeps for two to three days and can't get out of bed. (AR 182.) He explains that he does not have and has episodes where he's "asleep like for two to three days." (*Id.*) He testified that these episodes happen "like two to three days out of the week." (*Id.*) He "feel[s] like [he] is going to die, no appetite" and just sleeps. (*Id.*) In response to the ALJ's suggestion this happens because he does not sleep the night before, Plaintiff explains that it happens when he tries to force himself to do daily tasks like "pick up his kids from school or help them with homework." (*Id.*) He explains it gets him tired, he just sleeps, and can't get up from bed. (*Id.*)

This is significant testimony that is completely unaddressed and, as explained below, would likely change the disability determination. *See Lambert*, 2020 WL 6735633, at \*10 (Noting line-by-line analysis is not required, but summary of the medical evidence with non-specific conclusions is insufficient). Nor can the Court fill in these gaps based on the record. *Id.* (Rejecting a district court's attempt to "shore up the ALJ's decision" and explaining that "[a]lthough the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make,' and 'we are constrained to review the reasons the ALJ asserts.")(citations omitted); *Garrison*, 759 F.3d at 1010 (Finding the

Court may "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

In that the ALJ did not address this testimony from Plaintiff, the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony.

### D.     Harmless Error

"ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (An ALJ's reliance on erroneous reasons is harmless so long as the "remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence"). "[W]here the magnitude of an ALJ error is more significant, then the degree of certainty of harmlessness must also be heightened before an error can be determined to be harmless." *Id.*

The Court cannot find the ALJ's erroneous rejection of Plaintiff's testimony harmless. The vocational expert that testified at Plaintiff's hearing indicated that Plaintiff would not be able to perform the occupations identified if he missed three days of work a month. In short, that means that if Plaintiff's testimony that he regularly suffers episodes when he is unable to get out of bed for two to three days is credited, there is no evidence in the record[4] that there are jobs available to Plaintiff with his limitations. If Plaintiff's testimony were credited, it would likely be consequential to the ultimate disability determination.

---

[4] The Court cannot say definitively that there are no jobs because these are just two there were identified by the vocational expert as occupations Plaintiff could do subject to the RFC identified by the ALJ. However, the vocational expert did testify that he would not be able to perform the identified occupations missing three days of work a month.

11

**E.     Remand**

"The rare circumstances that result in a direct award of benefits are not present in this case." *Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2018).  "When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Id.* at 1045 (citing *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).  The credit-as-true analysis "permits, but does not require, a direct award of benefits on review but only where the [ALJ] has not provided sufficient reasoning for rejecting testimony and there are no outstanding issues on which further proceedings in the administrative court would be useful." *Id.* at 1044.  Under the three-part rule, the Court first considers "whether the 'ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Id.* at 1045 (quoting *Garrison*, 759 F.3d at 1019).  This step is met for the reasons set forth above.

However, at the second step, the Court considers "whether there are 'outstanding issues that must be resolved before a disability determination can be made' and whether further administrative proceedings would be useful.'" *Id.* (quoting *Treichler*, 775 F.3d at 1101).  "In evaluating this issue, [the Court] consider[s] whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." *Treichler*, 775 F3d at 1104-05.  "Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Id.* at 1105.  When, as here, the ALJ's findings regarding the claimant's subjective symptom testimony are inadequate, remand for further findings on credibility is appropriate. *See Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995).  As discussed above, the Court is not going to create reasons the ALJ did not give or support, but the Court does find under these circumstances, further administrative proceedings are necessary to allow the ALJ to do this evaluation.

## VI. CONCLUSION

Based on the above reasoning, Plaintiff's motion for summary judgment (ECF No. 17) is **GRANTED**, the Commissioner's cross-motion for summary judgment (ECF No. 18) is **DENIED**, and the case be **REMANDED** to the agency for further proceedings.

**IT IS SO ORDERED.**

Dated: November 24, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge